UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-4213(DSD/SRN)

Alpine Glass, Inc.,

            Plaintiff,

v.                                                    **ORDER**

American Family Insurance
Company,

            Defendant.


      This matter is before the court upon defendant's objections to
the report and recommendation of Magistrate Judge Susan Richard
Nelson dated March 12, 2007.  In her report, the magistrate judge
recommends that plaintiff's motion to dismiss be granted with
prejudice in part and without prejudice in part.  For the reasons
that follow, and upon a de novo review of the report and
recommendation, the court adopts the magistrate judge's
recommendation.  See 28 U.S.C. § 636(b)(1)(C).


**BACKGROUND**

      This is a declaratory judgment action commenced by plaintiff
Alpine Glass, Inc., ("Alpine Glass") against defendant American
Family Insurance Company ("American Family").  Alpine Glass seeks
an order consolidating approximately fourteen hundred shortpay
claims for arbitration under the Minnesota No-Fault Automobile
Insurance Act ("No-Fault Act").  See Minn. Stat. §§ 65B.41-.71.

American Family allegedly underpaid Alpine Glass for glass repair work covered under American Family insurance policies issued to Alpine Glass customers, and the customers assigned their claims under the policies to Alpine Glass.  In a counterclaim, American Family challenges the existence and validity of the assignments and asserts that Alpine Glass lacks contractual standing to pursue its customers' claims.  According to American Family, the relevant insurance policies prohibit any assignment without its consent and, regardless, because Alpine Glass released the policyholders (Alpine Glass customers) prior to any purported assignments there was nothing left to assign.

Alpine Glass moved to dismiss American Family's counterclaim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The magistrate judge determined that to the extent American Family's counterclaim, in substance, is a factual defense to liability on the shortpay claims, the counterclaim fails to state an independent cause of action and is subject to binding arbitration under the No-Fault Act.  The magistrate judge concluded that the court is without jurisdiction to resolve factual affirmative defenses to claims under the No-Fault Act and recommends dismissal of the counterclaim without prejudice to permit American Family to raise its factual arguments regarding the existence and validity of the assignments in arbitration.  However, the magistrate judge concluded that the court has jurisdiction to determine the question

of law presented by the counterclaim: whether assignment of post-loss proceeds is prohibited by the insurance policies. The magistrate judge determined such an assignment is not prohibited under the policies or Minnesota law and recommends dismissal of the counterclaim with prejudice to the extent the counterclaim is based on the validity of the assignments under the insurance policies. American Family objects, arguing that the court has jurisdiction over its counterclaim and that dismissal at this stage in the proceedings is premature and unwarranted.

## DISCUSSION

Neither party disputes that the merits of the individual shortpay claims are governed by the No-Fault Act and are subject to binding arbitration. See Minn. Stat. § 65B.525 subd. 1; Ill. Farmers Ins. Co. v. Glass Serv. Co., 683 N.W.2d 792, 800-02 (Minn. 2004). Neither do the parties dispute that the court has jurisdiction to order consolidation of those claims for purposes of arbitration under the No-Fault Act. See Ill. Farmers Ins., 683 N.W.2d at 806-07. The sole issue is whether the court has jurisdiction over American Family's counterclaim challenging the existence and validity of the purported assignments and, if so, whether dismissal of that counterclaim is warranted.

Under the No-Fault Act, Minnesota courts are required to "'provide for the mandatory submission to binding arbitration of

all cases at issue where the claim ... is in an amount of $10,000 or less.'" Ill. Farmers Ins., 683 N.W.2d at 800 (quoting Minn. Stat. § 65B.525 subd. 1). The mandatory arbitration provision of the No-Fault Act "deprives district courts of subject matter jurisdiction over a certain type of dispute — claims for comprehensive benefits of $10,000 or less." Id. Pursuant to Minnesota Rule of No-Fault Arbitration 5(f), a defendant in arbitration under the No-Fault Act must set forth in its response "all grounds upon which the claim is denied." Arbitrators of automobile reparation disputes under the No-Fault Act are generally limited to deciding issues of fact and applying the law to the facts they have found, while the interpretation of the law is left to the courts. See Weaver v. State Farm Ins. Cos., 609 N.W.2d 878, 882 (Minn. 2000); Johnson v. Am. Family Mut. Ins. Co., 426 N.W.2d 419, 421 (Minn. 1988); AMCO Ins. Co. v. Ashwood-Ames, 534 N.W.2d 740, 741 (Minn. Ct. App. 1995). Legal determinations made by an arbitrator in resolving claims under the No-Fault Act are subject to de novo review by the courts. Weaver, 609 N.W.2d at 882.

To the extent American Family challenges the validity of the assignments under its policies, American Family presents a question of law that is collateral to the merits of Alpine Glass's shortpay claims. Such a question may properly be determined by this court because it is not subject to mandatory arbitration under the No-Fault Act. Cf. AMCO Ins. Co., 534 N.W.2d at 741 (insurance

4

coverage and predicate disputed facts beyond scope of arbitrator's fact-finding authority under No-Fault Act); <u>Alpine Glass, Inc. v. Ill. Farmers Ins. Co.</u>, No. 06cv1148, 2006 WL 3486996, at *2-3 (D. Minn. Dec. 4, 2006) (counterclaim challenging validity of assignments of shortpay claims dismissed under Rule 12(b)(6)). Under Minnesota law, an assignment of the proceeds of an insurance policy after a loss has occurred is distinct from a pre-loss assignment of the policy itself and therefore does not void a policy under an anti-assignment provision that requires an insurer's consent. <u>See Windey v. North Star Farmers Mut. Ins. Co.</u>, 43 N.W.2d 99, 102 (Minn. 1950); <u>Rietzner v. State Farm Fire & Cas. Co.</u>, 510 N.W.2d 20, 26 (Minn. Ct. App. 1993); <u>In re Estate of Sharon Marie Sangren</u>, 504 N.W.2d 786, 790 (Minn. Ct. App. 1993). This court recently dismissed a counterclaim identical in all substantive respects to American Family's counterclaim, holding that such a claim fails to state a cognizable cause of action under Minnesota law absent clear policy language sufficient to overcome a "half century of caselaw distinguishing between the assignment of coverage and the assignment of proceeds." <u>Alpine Glass</u>, 2006 WL 3486996, at *2-3.

American Family did not plead, and in objecting to the magistrate judge's recommendation has not provided the court, any specific anti-assignment language within the insurance policies relevant to this litigation, but rather argues in its brief that

the policy prohibits the assignment of any interest in the policy
without American Family's consent.   This is insufficient to
overcome "the widely-embraced and long-established rule that
proceeds of an insurance policy may be assigned regardless of the
presence of an anti-assignment clause." Id. (internal quotations
omitted).   Absent language clearly prohibiting the assignment of
post-loss proceeds, American Family cannot succeed on its
counterclaim seeking a declaration that the assignments of the
shortpay claims to Alpine Glass are invalid under the policies.
Therefore, dismissal with prejudice of American Family's
counterclaim in that regard is warranted.

The magistrate judge astutely determined that American
Family's counterclaim, in substance, alleges factual affirmative
defenses to liability on the shortpay claims.   American Family
argues that this court has jurisdiction to resolve, prior to
consolidation, whether Alpine Glass's customers in fact assigned
their rights under the policies and whether at the time of such
assignments the policyholders had anything under the policy to
assign.   However, the magistrate judge correctly found that the
fact issues regarding the existence and validity of each of the
fourteen hundred assignments potentially at issue in this
litigation are best arbitrated in the first instance, and will be
subject to review by the courts following a ruling by the
arbitrator.   To permit American Family to litigate such numerous

factual defenses to liability on the shortpay claims would contravene the Minnesota legislature's intent that No-Fault claims be subject to mandatory arbitration.  To the extent the fact issues raised in American Family's counterclaim impact whether consolidation of the shortpay claims is appropriate, American Family is not precluded from raising those arguments in opposing consolidation.  <u>See</u> <u>Ill. Farmers Ins.</u>, 683 N.W.2d at 800 (factors relevant to consolidation determination).

For the reasons stated, the court adopts the report and recommendation of the magistrate judge [Doc. No. 24] in its entirety.

### CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion to dismiss defendant's counterclaim [Doc. No. 7] is granted.

Dated:  April 18, 2007

<u>s/David S. Doty</u><br>
David S. Doty, Judge<br>
United States District Court