UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-4213(DSD/SRN)

Alpine Glass, Inc.,

       Plaintiff,

v.                                                          **ORDER**

American Family Insurance
Company,

       Defendant.

Charles J. Lloyd, Esq., Joshua P. Brotemarkle, Esq. and Livgard & Rabuse, 2520 University Avenue S.E., Suite 202, Minneapolis, MN 55414, counsel for plaintiff.

John M. Bjorkman, Esq., Mark A. Solheim, Esq. and Larson King, LLP, 30 East Seventh Street, Suite 2800, St. Paul, MN 55101, counsel for defendant.

This matter is before the court upon plaintiff's motion to compel arbitration in a consolidated proceeding. Based upon a review of the record, file and proceedings herein, and for the reasons stated, the court grants plaintiff's motion.

**BACKGROUND**

This is a diversity-based declaratory judgment action under Minnesota law that was removed to this court pursuant to 28 U.S.C. § 1441. Plaintiff Alpine Glass, Inc., ("Alpine Glass") commenced this action against defendant American Family Insurance Company ("American Family") seeking an order consolidating fourteen hundred

shortpay insurance claims for arbitration under the Minnesota No-Fault Automobile Insurance Act ("No-Fault Act").  <u>See</u> Minn. Stat. §§ 65B.41-.71.  Under Minnesota law, an insured who has purchased automobile glass coverage has the right to hire the vendor of his or her choice to repair damaged glass, and the insurer is statutorily protected from paying more than a "competitive price that is fair and reasonable within the local industry at large."  Minn. Stat. § 72A.201 subd. 6 (14-16).

This action arises out of Alpine Glass and American Family's differing opinions as to what constitutes a "fair and reasonable" competitive price for glass work performed by Alpine Glass.  In pricing glass repair work, insurance and automobile glass companies use the National Auto Glass Specifications ("NAGS") publication that prices the more than 10,000 auto glass parts used in the industry.  The ultimate price charged to a customer is primarily the result of three components: the price of the glass, adhesives and labor.  Alpine Glass customers who had work performed under American Family insurance policies assigned their individual claims arising under the policies to Alpine Glass, although American Family contests the validity of the assignments.  Alpine Glass alleges that American Family systematically underpaid it for the glass repair work covered under American Family insurance policies.  The fourteen hundred claims at issue in this litigation, referred to as shortpay claims, arise out of Alpine Glass invoices dated

from November 2004 through August 2006. According to Alpine Glass, the cumulative value of the claims is $450,568.04. Alpine Glass now moves the court to order that the fourteen hundred claims be consolidated for purposes of arbitration.

## DISCUSSION

It is undisputed that the merits of the shortpay claims are governed by the No-Fault Act and are individually subject to binding arbitration. See Minn. Stat. § 65B.525 subd. 1. Under the No-Fault Act, Minnesota courts are required to "'provide for the mandatory submission to binding arbitration'" of all claims less than $10,000, and an assignee of multiple claims cannot avoid arbitration by aggregating the value of assigned claims. Ill. Farmers Ins. Co. v. Glass Serv. Co., 683 N.W.2d 792, 800 (Minn. 2004) (quoting Minn. Stat. § 65B.525 subd. 1). Under Minnesota law, courts have jurisdiction to order the consolidation of claims for purposes of arbitration under the No-Fault Act. Id. at 805-07 (citing Grover-Dimond Assocs. v. Am. Arbitration Ass'n., 211 N.W.2d 787 (1973)). Acknowledging the divergent views of state and federal courts on the issue, the Minnesota Supreme Court has concluded that under Minnesota law the power of courts to "regulate the method of enforcement" of arbitration agreements is implicit in the power of the courts to enforce the terms of such agreements. Id. at 805-06.

The appropriateness of consolidation is a "fact-sensitive question." Id. at 806-07. In the context of the No-Fault Act, in light of the Act's policy considerations, the Minnesota Supreme Court determined that consolidation of claims into a single arbitral proceeding may be warranted upon an evaluation of "the efficiencies of consolidation, the danger of inconsistent judgments if disputes are arbitrated separately, and the prejudice that parties may suffer as a result of consolidation." Id. "Efficiencies" may result from common witnesses or evidence, similarity of claims between the parties or the dependence of multiple claims on common facts. Id.

In opposing consolidation, American Family has identified various factual differences among the fourteen hundred claims, such as the state and geographical location where the glass work was performed and the type of glass work performed. (See Classen Aff. ¶¶ 2-5; Hendricks Aff. ¶¶ 3-13.) In response, Alpine Glass emphasizes the formulaic nature of glass claim pricing in the industry based on the NAGS publication. (Reid Decl. ¶¶ 6-17.) American Family acknowledges that its payment for glass work is consistently a percentage of the NAGS price but emphasizes fluctuation in the percentage of the NAGS list price paid by American Family during the time period relevant to this litigation. American Family also emphasizes that the glass work performed was under two base automobile insurance policies for Minnesota and

Wisconsin and that the Wisconsin policies do not contain an auto glass endorsement. Lastly, American Family challenges the validity of the fourteen hundred assignments and argues that consolidation would preclude the insurance company from effectively resolving the fact issues surrounding the assignments.

Upon a review of the legal claims and facts at issue between the parties, the court finds that common issues of law and fact exist with respect to the alleged systematic underpayment of the claims, particularly in light of the NAGS formulas used by both parties in calculating payment of the glass claims. The commonality of the legal claims and facts weighs in favor of consolidation. Further, American Family has not provided any persuasive argument that consolidation will preclude it from effectively asserting its factual defenses to liability or challenging the validity of the purported assignments.

The interests of efficiency and avoiding inconsistent results also strongly weigh in favor of a consolidated proceeding. One arbitrator resolving fourteen hundred claims will be a more efficient, expeditious and cost-effective manner to proceed than fourteen hundred arbitrations of individual shortpay claims. Furthermore, absent consolidation there is a significant risk that fourteen hundred separate arbitrations will produce various inconsistent results.

Lastly, American Family's claim of prejudice in opposing consolidation amounts to no more than its desire to have each action separately arbitrated.  However, the court finds that the cost-prohibitive nature of individually arbitrating fourteen hundred claims would unfairly prejudice Alpine Glass.  Cf. Ill. Farmers Ins., 683 N.W.2d at 805 (noting concern that "the cost of more than 5,700 arbitrations could easily exceed the amount at stake").  For these reasons, the court finds that consolidation of the shortpay claims is warranted and grants Alpine Glass's motion to consolidate.[1]

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's motion to compel arbitration in a consolidated proceeding [Doc. No. 30] is granted.

2.   The dispute over the shortpay claims at issue in this matter shall be consolidated into a single arbitration to be

---

[1] American Family alternatively requests that the court order six arbitrations and group the claims in accordance with the time frames in which the NAGS prices charged by American Family changed. However, the court declines to subgroup the claims.  The arbitrator is capable of determining a logical  manner in which the consolidated arbitration should proceed and can order grouping of the claims within the consolidated arbitration as he or she deems appropriate.

6

conducted pursuant to the Minnesota No-Fault Act and shall proceed in the manner determined by the arbitrator.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 29, 2007

                                              <u>s/David S. Doty</u>
                                              David S. Doty, Judge
                                              United States District Court