UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-4213(DSD/SRN)

Alpine Glass, Inc.,

      Plaintiff,

v.  **ORDER**

American Family Insurance
Company,

      Defendant.

> Charles J. Lloyd, Esq. and Livgard & Lloyd; Joshua P. Brotemarkle, Esq. and Rabuse Law Firm, 2520 University Avenue S.E., Minneapolis, MN 55414, counsel for plaintiff.
>
> John M. Bjorkman, Esq., Mark A. Solheim, Esq., Paula D. Vraa, Esq. and Larson King, LLP, 30 East Seventh Street, Suite 2800, St. Paul, MN 55101, counsel for defendant.

This matter is before the court upon the motions by defendant American Family Insurance Company (American Family) to reopen and vacate the arbitration award. Based on a review of the file, record and proceedings herein, the court denies the motions.

**BACKGROUND**

This dispute arises out of payments made by American Family to plaintiff Alpine Glass, Inc. (Alpine Glass) for automobile glass installation. Alpine Glass installed glass for American Family customers, who then assigned their individual claims to Alpine Glass. Alpine Glass and American Family disagreed about the value

of the claims, and Alpine Glass commenced this action in September 2006, seeking to consolidate claims from November 2004 to August 2006 for arbitration.

On May 29, 2007, the court determined that "common issues of law and fact exist with respect to the alleged systematic underpayment of the claims, particularly in light of the NAGS [National Auto Glass Specifications] formulas used by both parties in calculating payment of the glass claims." Order 5, ECF No. 49. The court further determined that inconsistent judgments may result absent consolidation and that American Family had not shown that it would be prejudiced by consolidation. Id. at 5–6. As a result, the court consolidated the claims. The court left the task of "determining a logical manner in which the consolidated arbitration should proceed and ... grouping of the claims within the consolidated arbitration" to the arbitrator. Id. at 6 n.1.

Thereafter, American Family appealed. The Eighth Circuit dismissed the appeal on September 29, 2008. While the appeal was pending, the Minnesota Court of Appeals issued opinions calling into question the validity of the assignment of claims from customers to Alpine Glass. See Star Windshield v. W. Nat'l Ins. Co., 744 N.W.2d 737 (Minn. Ct. App. 2008); Auto Owners Ins. Co. v. Star Windshield, 743 N.W.2d 329 (Minn. Ct. App. 2008). On July 16, 2009, the Minnesota Supreme Court reversed. See Star Windshield Repair v. W. Nat'l Ins. Co., 768 N.W.2d 346 (Minn. 2009).

Alpine Glass petitioned for arbitration in June 2009. See Vraa Aff. Ex. 3, ECF No. 71. In its petition, Alpine Glass also submitted claims that accrued following the initial request for consolidation. See id. American Family opposed inclusion of the additional claims and requested another deposition of Alpine Glass president Mike Reid (Reid). Following a hearing on the issues, the arbitrator included the additional claims and denied the request for an additional deposition of Reid. See Vraa Aff. Ex. 6.

Arbitration occurred on December 15 and 16, 2009, with live testimony from six witnesses, including Reid. At arbitration, Alpine Glass withdrew $288,000 in claims that had accrued before November 2004. On December 17, 2009, American Family received an anonymous letter with original Alpine Glass job cards. Def.'s Mem. Supp. 5, ECF No. 68. The letter alleged that Alpine Glass had fraudulently billed American Family for more-expensive parts. American Family requested additional discovery and to reopen the evidentiary part of the hearing. The arbitrator gave American Family three additional weeks to investigate.

On February 9, 2010, American Family presented evidence that out of 2,500 claims, it found five occasions where Alpine Glass billed for a more-expensive windshield;[1] 200 occasions where Alpine Glass had improperly billed for moulding; and five occasions where

---

[1] American Family also examined a broader sample of Alpine Glass billing, and found seven additional examples in claims not a part of this action.

Alpine Glass billed for a more-expensive part. See Vraa Aff. Ex. 11. American Family again sought additional discovery, and argued that the evidence discredited the testimony of Reid. In response, Alpine Glass withdrew the five claims for which it had improperly billed a more-expensive windshield. Alpine Glass also submitted an affidavit by Reid stating that its parts supplier provided incorrect information about the parts in question. The arbitrator determined that there was insufficient evidence of fraud. Id. Ex. 13.

On March 12, 2010, the arbitrator awarded Alpine Glass $306,960.31 for the 2004-2006 claims and $423,846.36 for the 2006-2009 claims. Id. The award was reduced by $9,593.74 for improperly billed moulding. Id. On April 9, 2010, the arbitrator awarded preaward interest under Minnesota Statutes § 549.09 in the amount of $55,429.89 for the 2004-2006 claims and $26,319.99 for the 2006-2009 claims. Id. Ex. 15. American Family moved to reopen this case and vacate the award as to the 2006-2009 claims and all preaward interest. In response, Alpine Glass requests confirmation and post-award interest. The court now considers the motions.

**DISCUSSION**

"Minnesota policy strongly favors the finality of arbitration awards." Klinefelter v. Crum and Forster Ins. Co., 675 N.W.2d 330, 333 (Minn. Ct. App. 2004) (citation omitted). As a result, the

court may only modify or vacate an award when allowed by statute. Id. In no-fault arbitration, findings of fact are conclusive and questions of law are subject to de novo review. See Barneson v. W. Nat'l Mut. Ins. Co., 486 N.W.2d 176, 177 (Minn. Ct. App. 1992). The court must vacate an award if, after de novo review, it finds that an arbitrator exceeded his power or refused to hear material evidence. See Minn. Stat. § 572.19 subdiv. 1(3)–(4); Klinefelter, 675 N.W.2d at 333. American Family argues that the arbitrator exceeded his authority by considering the 2006-2009 claims, refused to hear material evidence and erred in awarding preaward interest. The court addresses each argument in turn.

**I. Consolidation**

The Minnesota Supreme Court allows consolidation of claims to carry out the legislative intent of "promoting arbitration as a cost-effective, simplified, and informal alternative to litigation." Ill. Farmers Ins. Co. v. Glass Service Co., 683 N.W.2d 792, 806 (Minn. 2004). A court considering consolidation evaluates the "efficiencies of consolidation, the danger of inconsistent judgments if disputes are arbitrated separately, and the prejudice that parties may suffer as a result of consolidation." Id. at 806–07 (Minn. 2004).

American Family argues that consolidation is a jurisdictional issue, which only the court may decide. Alpine Glass argues that question is a matter of law, which may be decided by the arbitrator

5

subject to de novo review by the court.  In this case, the court ordered consolidation of claims arising out of alleged underpayment of claims where the parties had applied NAGS calculations to determine value.[2]  Order 5-7.  Having defined the parameters of the claims to be consolidated, the court expressly allowed the arbitrator to apply those parameters.  Therefore, the arbitrator did not exceed his power when he considered including the additional claims.

The decision to include the claims, however, remains subject to de novo review.  After conducting a hearing on October 8, 2009, the arbitrator applied the <u>Illinois Farmers</u> criteria to the additional claims, and determined that the interests of efficiency and danger of inconsistent judgments favored inclusion of the additional claims.  <u>See</u> Vraa Aff. Ex. 6.  American Family makes no distinction between the 2004-2006 claims and the 2006-2009 claims.  Moreover, American Family identifies no prejudice incurred as a result of the consolidation.  The court finds no error, and under the circumstances of this case, vacating the decision of the arbitrator does not achieve the legislative goal of speedy, cost-effective resolutions that do not burden the courts.  Therefore,

---

[2] As a result, this case does not present the question of whether an arbitrator may decide to consolidate claims in the first instance.

6

under the particular facts of this case, the arbitrator properly consolidated the additional claims, and reopening the case to vacate the award is not warranted.

**II. Refusal to Hear Material Evidence**

American Family next argues that the arbitrator refused to hear evidence material to the controversy. Specifically, American Family argues that it presented "newly discovered evidence of fraud" and should have been allowed additional testimony and cross-examination of Reid on that basis. De novo review shows that the record contradicts American Family's argument: the arbitrator allowed American Family time for additional investigation and to present evidence of fraud. American Family presented a small number of potentially improper billings in the context of the thousands of claims examined. The arbitrator heard and considered the evidence. Moreover, the reduction of the award by the amount improperly billed for moulding further undermines the argument. As a result, American Family's argument fails.

Having considered the evidence, the arbitrator determined that it was insufficient to raise a question of fraud. This factual finding is not subject to review.[3] Therefore, the arbitrator did not refuse to hear material evidence, and reopening the case to vacate the award on this basis is not warranted.

---

[3] Even if it were reviewable, the court finds that the arbitrator did not err in light of the evidence presented by American Family.

## III. Preaward Interest

An arbitration award "must include interest." Minn. Stat. § 572.15(a). However, Minnesota Statutes § 549.09 states: "Except as otherwise provided by contract or allowed by law, preverdict, preaward, or prereport interest shall not be awarded on ... judgments or awards not in excess of [$7,500]." Minn. Stat. § 549.09 subdiv. 1(b)(4). Where the words of a statute are free from ambiguity, the court must give effect to the plain meaning of the statute. Tuma v. Comm'r of Econ. Sec., 386 N.W.2d 702, 706 (Minn. 1986). Whenever possible, the court must give effect to all provisions of every law. Minn. Stat. § 645.16.

American Family argues that each consolidated claim remains an individual claim, and no claim meets the threshold value of § 549.09. The court agrees. Alpine Glass, as assignee of each claim, acquires only those rights possessed by each consumer. This consolidated arbitration addressed 2,500 individual claims in a single proceeding. As a result, no claim meets the required minimum of § 549.09 subdiv. (1)(b)(4).

The $7,500 minimum does not apply, however, when preaward interest is otherwise allowed by law. Id. § 549.09 subdiv. 1(b). Minnesota law mandates an award of interest in arbitration. See Minn. Stat. § 572.15(a). Sections 549.09 and 572.15(a) are unambiguous, and by their plain meaning preaward interest for arbitration awards is properly computed under § 549.09. Therefore,

the arbitrator did not err in determining that Alpine Glass is entitled to preaward interest, and no basis exists for vacating the award.

Following de novo review, the court finds that the arbitrator miscalculated the amount interest to be awarded. The interest rate under § 549.09 is determined annually by the state court administrator for awards less than $50,000 and at a rate at ten percent for awards $50,000 and above. Id. § 549.09 subdiv. 1(c)(1)–(2). The administrator has set the interest rate to four percent for 2009 and 2010. The arbitrator applied a ten-percent rate of interest beginning September 1, 2009. The court has determined that each claim remained an individual claim in consolidation, and each individual claim was for less than $7,500. As a result, the higher rate does not apply, and the proper interest rate for all of 2009 and from January 1 to March 12, 2010 is four percent. Therefore, the court modifies the preaward interest to $45,556.27 for the 2004–2006 claims and $8,221.46 for the 2006–2009 claims. See QBE Ins. Corp. v. Twin Homes of French Ridge Homeowners Ass'n, 778 N.W.2d 393, 398 (Minn. Ct. App. 2010) ("When an arbitration award is appealed to the district court by proper application, the court may confirm, modify, correct, or vacate the award.").

9

**IV. Confirmation of Award and Post-Award Interest**

When no basis exists to vacate the award, and "no motion to modify or correct the award is pending," the court must confirm the award. Minn. Stat. § 572.19 subdiv. 4. The court has determined that there is no basis on which to vacate the award, and modified the preaward interest calculation. No other motions are pending. Therefore, the court confirms the arbitrator's award of $730,806.67 on March 12, 2010, and preaward interest of $53,777.73 (as modified) on April 9, 2010.

As to post-award interest, "[w]hen a judgment or award is for the recovery of money, ... interest from the time of the verdict, award, or report until judgment is finally entered shall be computed by the court administrator or arbitrator as provided in paragraph (c) and added to the judgment or award." Id. at § 549.09 subdiv. 1(a). Alpine Glass seeks interest at the ten-percent rate, which applies to awards of $50,000 or more. The court has already determined that the assigned claims remain separate claims, none of which reaches the $50,000 level. As a result, interest is due at the four-percent rate. Therefore, the court determines that Alpine Glass is entitled to post-award interest in the amount of $23,215.10[4]

---

[4] The court calculates four-percent simple interest per annum from March 12, 2010 until December 7, 2010.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motions to reopen and vacate [Doc. Nos. 64, 66] are denied;

2. The March 12, 2010, award of $730,806.67 is confirmed;

3. The April 9, 2010, award is modified to show $53,777.73 in preaward interest, and confirmed; and

4. Alpine Glass is entitled to an additional $23,215.10 in post-award interest.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 7, 2010

                                       s/David S. Doty
                                       David S. Doty, Judge
                                       United States District Court